UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   File No. 23-cr-136 (ECT/ECW)

Plaintiff,

v.   **OPINION AND ORDER**

Morris Lee Brandon, III,

Defendant.

Defendant Morris Lee Brandon, III pleaded guilty to conspiracy to distribute methamphetamine on June 6, 2023. ECF No. 22 ¶ 1. He was sentenced to 144 months in prison on February 23, 2024, ECF No. 55 at 2, and he did not appeal the sentencing judgment, *see* Fed. R. App. P. 4(b)(1)(A)(i).

Mr. Brandon seeks an extension of time to file a § 2255 motion. ECF No. 57. To support the extension motion, Mr. Brandon alleges that, from November 2024 to May 2025, the circumstances of his confinement limited his ability to research and prepare a § 2255 motion.[1] *Id.* at 1. He alleges specifically that from November 2024 to January

---

[1] A motion under 28 U.S.C. § 2255 is subject to a one-year period of limitation, running from the latest of

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2025 he was in a special housing unit that restricted his access to the law library; from January to May he was in transit and imprisoned at a new institution, and that the new facility presented a similar obstacle. *Id.* Lastly, he alleges somewhat vaguely that "[t]here is no law library in the housing units." *Id.*

Though the Supreme Court and Eighth Circuit have not yet decided whether a federal district court has subject-matter jurisdiction to adjudicate a motion for extension of time to file a § 2255 motion when no § 2255 motion has been filed, a majority of courts have concluded that jurisdiction is lacking in that situation.[2] As the Sixth Circuit explained, courts are authorized to hear "Cases" and "Controversies," and must not entertain requests "advising what the law would be upon a hypothetical state of facts." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (first quoting U.S. Const. art. III, § 2, and then quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). "In this instance, all that [the

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The judgment of conviction becomes final when the time to file an appeal runs out, *see Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008), set at fourteen days, *see* Fed. R. App. P. 4(b)(1)(A)(i).

[2] The Supreme Court has noted the "confusion over whether § 2255 proceedings are civil or criminal in nature," including whether such a motion initiates an independent civil action or continues a criminal prosecution, but it has so far declined to decide the issue. *Wall v. Kholi*, 562 U.S. 545, 560 n.7 (2011).

individual] requested was an advisory opinion about whether he could obtain an extension for an action not yet in existence and one that may never come into existence." *Id.* The Second, Fourth, Fifth, Eleventh, and District of Columbia Circuits take the same position. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (per curiam); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011) (per curiam); *United States v. Glover*, No. 05-3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam). At least one judge in this District has agreed with this line of cases. *United States v. Anderson*, No. 03-cr-426 (RHK/AJB), 2007 WL 2973838, at *1 (D. Minn. Oct. 9, 2007).

The Third Circuit disagrees. It held that "a § 2255 proceeding is a continuation of a defendant's federal criminal case," so "a motion for an extension of time can be decided prior to a formal request for relief because the underlying prosecution satisfies Article III's case or controversy requirement." *United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). The *Thomas* court reasoned that, unlike a § 2254 challenge, which allows a state-court prisoners to seek relief in a new, federal action, a § 2255 proceeding is a continuation of a criminal case over which the district court already has subject-matter jurisdiction. *Id.* at 171. And *Thomas* found support for this conclusion in the titles of each section's procedural rules—for example, Congress refers to "Section 2254 *Cases*" and "Section 2255 *Proceedings*," suggesting that the former is a new action whereas the latter is not. *Id.* at 171–72. As another example, § 2254 subjects petitioners to filing fees; § 2255 does not. *See id.* at 171; Rules Governing § 2255 Proceedings, Rule 3 and 1976 advisory

3

committee note (noting that the filing fee was removed "to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack"). At least one judge in this District has agreed with this conclusion. *United States v. Spencer*, No. 14-cr-322(1) (SRN/TNL), 2017 WL 11592881, at *2 n.1 (D. Minn. Oct. 10, 2017); *accord United States v. Andrews*, No. 18-cr-149(1) (SRN/DTS), 2023 WL 2333407, at *2 n.1 (D. Minn. Mar. 2, 2023).

Faced with no controlling authority, a well-documented circuit split, and a large volume of persuasive authorities, the task is not to write anything new (that seems impossible), but to choose between competing positions. With respect to that choice, I find the Sixth Circuit's reasoning most persuasive. The *Asakevich* court explained that a § 2255 motion, though filed in the original criminal case, "still begin[s] a new proceeding." 810 F.3d at 423. The Supreme Court has stated that § 2255 motions are collateral attacks, outside the direct review process. *Wall v. Kholi*, 562 U.S. 545, 552–53, 560 (2011). In other words, it does not matter that § 2255 motions are filed on the original criminal docket and § 2254 petitions are not, or that the Advisory Committee treats the former as a continuation of an ongoing case. What matters is that a § 2255 motion collaterally attacks a sentence, so it is a new proceeding. "The district court could not issue advisory opinions regarding a § 2255 proceeding that had not yet started and that remained a collateral proceeding." *Asakevich*, 810 F.3d at 423. Until Mr. Brandon files a § 2255 motion, there is no subject-matter jurisdiction to consider whether such an action is timely.

"Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled

4

differently."[3]  *Castro v. United States*, 540 U.S. 375, 377 (2003); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring liberal construction of *pro se* filings).  "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some cases may be required, under *Haines* [*v. Kerner*, 404 U.S. 519 (1972) (per curiam)] to treat that motion as a substantive motion for relief under section 2255."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  As the Eighth Circuit has explained, "a post-conviction filing that fits the description of § 2255 *is* a motion under § 2255, and subject to its restrictions, no matter what the pleader says."  *Rey v. United States*, 786 F.3d 1089, 1091 (8th Cir. 2015) (citation modified) (quoting *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002)).  If, on the other hand, the filing does not include enough material to constitute a § 2255 motion, a court should not construe it as one.  *See Anderson*, 2007 WL 2973838, at *2.

Mr. Brandon's motion, even liberally construed, cannot reasonably be understood as seeking relief under § 2255.  He does not claim, or allege facts implying, that his sentence was imposed unlawfully, extra-judicially, or exceeding a legal maximum.  28

---

[3]   When a court construes a filing as a § 2255 motion, it may not

> recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro*, 540 U.S. at 377; *see* 28 U.S.C. § 2255(h) (restricting occasions in which individuals may file second or successive § 2255 motions).

U.S.C. § 2255(a). He alleges no facts suggesting the grounds upon which he might intend to seek relief. His sole argument is that conditions of confinement have prevented him from researching the legal bases for the motion he plans to bring. To treat this request for an extension of time as the motion to vacate, set aside, or correct his sentence would be unwarranted.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Morris Lee Brandon, III's Motion for Extension [ECF No. 57] is **DENIED**. This denial is without prejudice to Mr. Brandon's ability to seek an extension within a § 2255 motion.

Dated: August 25, 2025                    s/ Eric C. Tostrud
                                          Eric C. Tostrud
                                          United States District Court