UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

v.

Morris Lee Brandon, III,

Defendant.

File No. 23-cr-136 (ECT/ECW)

**OPINION AND ORDER**

---

Thomas M. Hollenhorst, United States Attorney's Office, Minneapolis, MN, and Katharine T. Buzicky, United States Attorney's Office, St. Paul, MN, for Plaintiff United States of America.

Morris Lee Brandon, III, *pro se.*

---

Defendant Morris Lee Brandon, III, pleaded guilty to conspiracy to distribute methamphetamine on June 6, 2023. ECF No. 22 ¶ 1. He was sentenced to 144 months in prison on February 23, 2024, ECF No. 55 at 2, and did not appeal the sentencing judgment, *see generally* Fed. R. App. P. 4(b)(1)(A)(i). Acting pro se, Mr. Brandon has filed two motions to vacate his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel, and that the Court abused its discretion by considering improper material. ECF Nos. 60, 62. He contemporaneously filed a motion to extend the time to file a § 2255 motion. ECF No. 59.

These motions will be denied. The second § 2255 motion, construed as a motion to amend and treated as operative, is time-barred, and Mr. Brandon has not shown sufficient

grounds to toll the statute of limitations.  Even if this procedural barrier fell, his arguments were waived in the plea agreement or lack merit.  Lastly, though it appears likely that he intended to file only once, his second § 2255 motion will be construed as an amended petition.[1]

I

Mr. Brandon was indicted on April 20, 2023, on four counts of distribution of methamphetamine and one count of conspiracy to distribute methamphetamine.  ECF No. 12 (charging violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846).  On June 6, 2023, advised by counsel, he entered a plea agreement in which he pleaded guilty to the conspiracy charge, with the remaining counts to be dismissed at sentencing.  ECF No. 22.

Between entering a guilty plea and receiving his sentence, Mr. Brandon unsuccessfully challenged the proceedings.  In November 2023, he filed a pro se motion to fire his counsel, ECF No. 35, which was denied in January 2024, ECF No. 39.  He then filed a pro se notice of interlocutory appeal, seeking for the Eighth Circuit to reverse the denial of his motion to fire counsel.  ECF No. 43 (filed January 19, 2024); *see* ECF No. 49 (seeking to amend his notice of appeal).  An Eighth Circuit panel dismissed the appeal for lack of jurisdiction on January 31, 2024.  ECF No. 48.  Mr. Brandon did not seek to withdraw his guilty plea, either before or during the sentencing hearing.  He was sentenced

---

[1]    On February 11, 2026, I entered an opinion and order denying Mr. Brandon's motions on the same grounds described here, with one exception.  There, I erroneously concluded that Mr. Brandon's second-filed motion was barred by 28 U.S.C. § 2255(h).  Under Eighth Circuit precedent, it is not.  *See United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014).  The prior order and judgment will be vacated.

to a 144-month term of imprisonment on February 23, 2024, on the conspiracy charge alone; the distribution charges were dismissed. ECF No. 55 at 1. Mr. Brandon did not appeal his conviction or sentence.

Mr. Brandon then sought to challenge his sentence under 28 U.S.C. § 2255. On June 2, 2025, he filed a pro se motion to extend the time to file a § 2255 motion. ECF No. 57. That motion was denied without prejudice to refiling alongside a § 2255 motion, on the grounds that there was no subject-matter jurisdiction to consider an extension motion in the absence of a pending § 2255 motion. ECF No. 58. On November 3, 2025, Mr. Brandon filed a § 2255 motion, a motion to extend his filing deadline, and a supporting memorandum of law. ECF Nos. 59–61. One week later he filed what was labeled and docketed as another § 2255 motion, ECF No. 62, though it appears to be a handwritten copy of his (typed) memorandum of law, ECF No. 61, with only minor changes.

## II

Because the second § 2255 motion was filed before the first § 2255 motion was decided, the second motion is not barred by the second-or-successive rule in § 2255(h). *See United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014). It is instead construed as a motion to amend. *Id.* The second motion will therefore be treated as operative, and the first motion denied as moot. In the end, it makes no difference, because the two motions are virtually identical, and the analysis would be the same either way.

In general, petitioners wishing to challenge their sentence under 28 U.S.C. § 2255 are subject to a one-year period of limitation, running from the latest of the following times:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The judgment of conviction becomes final when the "period for filing a notice of appeal expire[s]."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008).  The notice of appeal must be filed within fourteen days of the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  There is no pro se exception to the limitation period. *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, Mr. Brandon's sentencing judgment was entered February 23, 2024.  ECF No. 55.  Fourteen days and one year later is March 8, 2025.  Mr. Brandon's first § 2255 motion, filed in November 2025, falls outside the period of limitation.[2]  The motion can be considered, then, only if the limitation period is tolled.

---

[2]     Because the second and first motion assert identical claims, the second motion relates back to the original motion, so the date of the first motion matters for timeliness analysis.  *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010); Fed. R. Civ. P. 15(c).

"Equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citation modified). "The one-year statute of limitation may be equitably tolled 'only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Odie v. United States*, 42 F.4th 940, 946 (8th Cir. 2022) (citation modified). "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require '*reasonable* efforts.'" *Id.* (quoting *Ingram v. United States*, 932 F.3d 1084, 1090 (8th Cir. 2019)); *see Anjulo-Lopez*, 541 F.3d at 818 ("To be sure, section 2255 does not require the maximum feasible diligence, only due, or reasonable diligence." (citation modified)). Equitable tolling may also be appropriate "if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006).

Mr. Brandon argues an extension is warranted because he has had limited law library access while in Bureau of Prisons custody. ECF No. 59 at 1. That was so for three reasons. First, he has been "in transit from one institution to another." ECF No. 59 at 1. Second, he "has been confined to special housing units which have no access to legal material." *Id.* And third, he was "[a]ssigned to FCI Forrest City where inmates are severely limited to law library access because [they are] either confined to their cells due to institutional lockdowns [or] staff shortages." *Id.* at 1–2. I don't understand him to allege that during his entire time in custody he has not been able to access the law library, but rather that transit, special housing units, lockdowns, and staff shortages make legal research

periodically and temporarily unavailable, though for significant lengths of time. For example, he alleges that there is a law library at FCI Forrest City, but it allows only "severely limited" access. *Id.* at 1. His previous extension request described transit and special housing units as "hinder[ing]" but not denying access. ECF No. 57 at 1. And his citations to several U.S. Supreme Court cases and the U.S. Sentencing Guidelines show he conducted legal research. *See* ECF No. 62 at 2, 5; ECF No. 61 at 3.

These grounds do not make up the extraordinary circumstances required to justify equitable tolling. It is true that "inmates have a constitutional right of access to the courts that requires the provision of some means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bear v. Fayram*, 650 F.3d 1120, 1122–23 (8th Cir. 2011) (citation modified). But prisons may meet this requirement in different ways, including "prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other devices." *Id.* (quoting *Bear v. Kautzky*, 305 F.3d 802, 806 (8th Cir. 2002)). When movants do not explain how limited library access deprived them of the ability to bring § 2255 challenges, they fail to show the extraordinary circumstances required to equitably toll the limitations period. *See Odie*, 42 F.4th at 947. Likewise, courts should not equitably toll the § 2255(f) period when the movant failed to show "that his time spent in transit constitutes extraordinary circumstances" justifying an extension. *United States v. Iyamu*, 18-cr-87(1) (ADM/KMM), 2021 WL 2156456, at *3 (D. Minn. May 27, 2021). Mr. Brandon has not demonstrated that he used reasonable efforts to vindicate his rights—he does not explain what steps he took to research possible avenues of relief, request

6

assistance from the prison, or communicate to authorities about the external limitations on research. *See Anjulo-Lopez*, 541 F.3d at 818–19 (declining to toll limitation period where movant "neither explained why he was 'unable to communicate with anyone' about his appeal while in transit, nor described any thwarted attempts to check on the status of his appeal during that period"). Under these bare facts, the "exceedingly narrow window of relief" is not open. *English*, 840 F.3d at 958.

III

Even if Mr. Brandon's motion were timely, it would fail on the merits. Federal prisoners may collaterally attack their convictions or sentences

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Here, Mr. Brandon challenges his sentence in two ways. First, he argues that his counsel was ineffective in failing to explain that his sentence could be increased because of conduct relating to the dismissed counts of methamphetamine distribution. ECF No. 62 at 2–4. According to him, counsel explained that those counts would be dismissed at sentencing, but not that the Court could consider that material as relevant conduct and use it to increase his sentence. *Id.* at 4. Relatedly, Mr. Brandon argues that the Court abused its discretion "by increasing his sentence based on outdated sentences and relevant conduct." *Id.* at 5.

It makes sense to start with the latter claim. Mr. Brandon waived this argument in his plea agreement. There, he "waive[d] the right to petition the Court under 28 U.S.C.

7

§ 2255 except based upon claims of ineffective assistance of counsel or any future retroactive changes to the law." ECF No. 22 ¶ 14. If it mattered, he also "waive[d] the right to appeal any non-jurisdictional issues," including "his sentence." He did not waive his right to appeal "the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court." *Id.* The high end of the Guidelines range was 293 months, well above his 144-month sentence. ECF No. 47 ¶ 90 (showing determination of Presentence Report, which was adopted at sentencing).

If the challenge weren't waived, Mr. Brandon fails to show that his sentence was imposed in violation of federal law. *See* 28 U.S.C. § 2255(a). Mr. Brandon argues that, though the distribution charges were dismissed at sentencing, nevertheless "the court increased [his] sentence based on relevant conduct" from those charges. ECF No. 62 at 5. It is hard to make sense of this claim. For starters, sentencing courts may consider uncharged or dismissed counts in deciding what sentence to impose. *See United States v. Jokhoo*, 806 F.3d 1137, 1141 (8th Cir. 2015) ("Relevant conduct under the guidelines need not be charged to be considered in sentencing, and it includes all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." (citation modified)); *United States v. Karam*, 37 F.3d 1280, 1285 (8th Cir. 1994) ("[A] sentencing court may consider, as relevant conduct under U.S.S.G. § 1B1.3, the conduct charged in dismissed counts."). In this case, the facts undergirding the conspiracy overlapped so thoroughly with the allegations in the dismissed charges that it is hard to see how, as a matter of logic, considering those facts could be avoided. *See* ECF No. 12 (indictment). The indictment alleged that Mr. Brandon "did unlawfully, knowingly

8

and intentionally conspire with others . . . to distribute 50 grams or more of actual methamphetamine," from the period of July 2021 to March 2023, in the State and District of Minnesota. *Id.* at 1. The dismissed charges alleged that he "did unlawfully, knowingly and intentionally distribute 50 grams or more of actual methamphetamine" on February 1, 2023 (count 2), February 27, 2023 (counts 3 and 4), and March 13, 2023 (count 5), all in the State and District of Minnesota. In the plea agreement, Mr. Brandon admitted that he sent at least five packages of methamphetamine to members of the conspiracy in July 2021 and August 2021, and at least four more packages of methamphetamine from February 2023 to March 2023. ECF No. 22 ¶ 2. That conduct was plainly relevant to imposing a sentence on the conspiracy charge. *See* 18 U.S.C. § 3553(a)(1) (instructing the sentencing court to consider "the nature and circumstances of the offense," among other factors).

Mr. Brandon claims support in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), but these cases don't change the analysis. *See* ECF No. 62 at 5. *Apprendi* holds that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. That principle "applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 570 U.S. at 112. These cases do not require jury trials on every factor relevant to sentencing; instead, district courts may "exercise discretion" by "taking into consideration various factors relating both to offense and offender" in "imposing a judgment *within the range* prescribed by statute." *Apprendi*, 530 U.S. at 481; *see Alleyne*, 570 U.S. at 116 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding,

9

does not violate the Sixth Amendment."). *Apprendi* and *Alleyne* do not support Mr. Brandon's argument that "the Court can no longer increase a defendant's sentence based on relevant conduct or preponderance of the evidence." ECF No. 62 at 5. Here, the sentence imposed—144 months—fell well below the Guidelines range of 235 to 293 months. ECF No. 47 ¶ 90. Mr. Brandon's sentence exceeded the mandatory minimum of 120 months and was less than the maximum term of life. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. *Apprendi* and *Alleyne* do not make Mr. Brandon's punishment unlawful.

Mr. Brandon also argues that the Presentence Report overstated his criminal history by including offenses from 2006, 2008, and 2009 that were "delayed"[3] or for which he was imprisoned not longer than "a year and a day." ECF No. 61 at 3;[4] *see* ECF No. 47 ¶¶ 41–43 (showing offenses and assigning a total of six criminal history points from them); U.S.S.G. § 4A1.1(a) (instructing courts to add three points for prior sentences "exceeding one year and one month"). He states that these prior sentences were "objected to[], but never heard." ECF No. 61 at 3.

The record shows otherwise. Mr. Brandon filed two objections to the Presentence Report, ECF Nos. 25, 42, but neither objection argues that his 2006, 2008, or 2009 offenses should be excluded from the criminal history calculation. Courts "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R.

---

[3] Possibly "decayed"—this portion is handwritten, and some of the letters are hard to make out.

[4] This argument does not appear in the amended motion. *See* ECF No. 62. However, since it is not clear that Mr. Brandon intended to drop this argument, it will be analyzed here.

10

Crim. P. 32(i)(1)(D). At the sentencing hearing, Mr. Brandon raised a new objection related to the 2006 sentence, which he claims was stayed, and for which he served only three to four months, not the thirty-two months that appears in the Presentence Report. *See* ECF No. 47 ¶ 41. Even if this untimely objection were sustained, the 2006 conviction would count for two criminal history points, not three. *See* U.S.S.G. § 4A1.1(b) ("Add 2 points for each prior sentence of imprisonment of at least sixty days . . . ."). A one-point reduction in criminal history score would not change his criminal history category. *See* ECF No. 47 ¶ 47 (showing total criminal history score of fourteen); U.S.S.G. § 5 Pt. A (setting criminal history category of VI for defendants with thirteen or more criminal history points). He did not discuss the 2008 or 2009 convictions, though his lawyer discussed non-specific cases in which his sentence served was shorter than the sentence imposed. I addressed this concern at the hearing, stating that it was an objection to how the Sentencing Guidelines work, and while those concerns were fair, I had to apply the Guidelines as the law instructs me. So this untimely objection was heard and rejected, and it does not show Mr. Brandon was sentenced in violation of federal law. *See* 28 U.S.C. § 2255(a).

To prevail on the ineffective-assistance claim, Mr. Brandon must establish that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Mr. Brandon must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Though criminal defendants are entitled to competent representation, the

Constitution "does not insure that defense counsel will recognize and raise every conceivable" argument. *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (quoting *Engle v. Isaac*, 456 U.S. 107, 134 (1982)).

Mr. Brandon argues that his counsel was ineffective in failing to explain that his sentence could be increased because of conduct relating to the dismissed counts of methamphetamine distribution. ECF No. 62 at 2–4. According to him, counsel explained that those counts would be dismissed at sentencing, but not that the Court could consider that material as relevant conduct and use it to increase his sentence.[5] *Id.* That failure, he argues, rendered his plea "unintelligent" and prejudiced him. *Id.*

The ineffective-assistance claim fails for the same reason as before: the "relevant conduct" from the dismissed charges substantially (or entirely) overlapped with the conduct of the charged offense, to which Mr. Brandon pleaded guilty. Any relevant conduct from the dismissed charges was already part of the charged offense. *See* ECF No. 22 ¶ 2 (factual basis of the plea agreement). Mr. Brandon has not identified any objectively unreasonable performance by counsel. He has also failed to show prejudice, as he does not even allege that he would have pleaded not guilty if his counsel explained the relevant conduct. *See Hill*, 474 U.S. at 59 ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he

---

[5] He also claims I "ruled that there were i[r]reconcilable difference[s] between" him and his counsel, as shown in the sentencing transcript. ECF No. 62 at 4. Having reviewed that transcript, as well as my earlier order denying his motion to fire counsel, I conclude that is false; I did not say or write that in either matter. *See* ECF No. 39 at 9–10 ("[T]he concerns Mr. Brandon described at the November 15 hearing and in his written submissions do not show justifiable dissatisfaction.").

would not have pleaded guilty and would have insisted on going to trial."); *United States v. Frausto*, 754 F.3d 640, 644 (8th Cir. 2014) ("Frausto's bare assertion that he would not have pled guilty is insufficient to allow for an intelligent assessment of the likelihood that Frausto would not have pled guilty and is far too speculative to warrant § 2255 relief.").

As a final matter, "the motion and the files and records of the case conclusively show that that prisoner is entitled to no relief," 28 U.S.C. § 2255(b), so Mr. Brandon is not entitled to an evidentiary hearing, *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). And Mr. Brandon has not "ma[d]e a substantial showing . . . that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Therefore no certificate of appealability shall issue. *See id.*

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The February 11, 2026 Opinion and Order [ECF No. 64] is **VACATED**.

2. The February 12, 2026 Judgment [ECF No. 65] is **VACATED**.

3. Defendant Morris Lee Brandon, III's Motion for Extension of Time [ECF No. 59] is **DENIED**.

4. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 60] is **DENIED** as moot.

5. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 62] is **DENIED**.

6.      No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 18, 2026                    s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court